UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

November 21, 2025

**MEMORANDUM TO PARTIES RE:**   *Sierra Cooper v. I.Q. Data International, Inc.*,
Civil Action No. RDB-24-2120

Dear Counsel:

This Memorandum Order memorializes the two discovery conferences held on November 10 and 20 regarding the parties' discovery disputes concerning Plaintiff's requests for damages-related discovery.

In a joint discovery dispute letter filed on October 30, the parties advised that they had reached an impasse relating to Plaintiff's discovery requests for prior Fair Credit Reporting Act ("FCRA") cases against Defendant and financial information regarding Defendant's net worth. ECF No. 22. Plaintiff filed a position statement on October 30, and Defendant filed a position statement on October 31. ECF Nos. 23, 24.

I held a discovery conference on November 10 to address the disputes. At the conclusion of the conference, I ordered Defendant to submit a supplemental position statement no later than November 14 providing any additional facts in support of its objection that Plaintiff's request for prior FCRA cases is unduly burdensome, and stating whether Defendant would agree to defer damages-related discovery until after this Court issues its ruling on Defendant's forthcoming motion for summary judgment.[1] I also extended the discovery period to December 1. ECF No. 26.

On November 14, Defendant emailed its supplemental position statement directly to my chambers and copied counsel for Plaintiff. In its supplemental position statement, Defendant agreed to defer damages-related discovery until after summary judgment, contended that such discovery is premature at this stage, and elaborated on its objections to Plaintiff's discovery requests.

I held a second discovery conference on November 20 to further address the discovery disputes. During the hearing, the parties agreed that Plaintiff's discovery requests regarding prior

---

[1] The deadline for Defendant's motion for summary judgment is December 15. ECF No. 12 at 2.

FRCA cases and Defendant's net worth relate to her pursuit of punitive damages, and that such discovery may be deferred until after this Court issues its ruling on Defendant's motion for summary judgment. I agreed that discovery should be bifurcated in this manner and advised the parties that, should Defendant's motion for summary judgment be denied, the parties shall promptly file a joint motion to amend the scheduling order. The joint motion shall identify a fixed period for a second phase of discovery focused solely on damages.

In light of the above, the parties' discovery disputes are no longer time sensitive and deciding the issues now would be premature. I intend to resolve these disputes, if appropriate, following this Court's summary judgment ruling. To aid in my review of the issues, and to allow Plaintiff an opportunity to fully respond to Defendant's November 14 submission, I set a deadline of December 3 for Plaintiff to file a supplemental position statement. Defendant may respond to any new arguments raised in Plaintiff's submission on or before December 10.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge